U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAY 2 5 2010

TONY R. MOORE, CLERK
BY _____ DEPUTY
SHREVEPORT

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| United States of America *Ex Rel.* Gloria Lee, <br><br> Plaintiff, <br> v. <br><br> Regional Nutrition Assistance, Inc.; and Brian Desormeaux | Civil Action No. **5:10cv872** <br> Filed Under Seal Pursuant To 31 U.S.C. §3730(b)(2) <br><br> **DO NOT PLACE IN PRESS BOX, DO NOT ENTER ON PACER** |

## FALSE CLAIMS ACT COMPLAINT AND DEMAND FOR JURY TRIAL

### Introduction

1. Gloria Lee (sometimes hereinafter referred to as the "Relator"), bring this action on behalf of the United States of America against defendants for treble damages and civil penalties arising from the defendants' false statements and false claims, and violations of the Civil False Claims Act 31 U.S.C. §§ 3729 *et seq.* The violations arise out of false certifications of billings for services not rendered.

2. As required by the False Claims Act, 31 U.S.C. §§ 3730(b)(2), Relator has provided to the Attorney General of the United States, and to the United States Attorney for the Western District of Louisiana, a statement of all material evidence and information related to the complaint. This disclosure statement is supported by material evidence known to Relator at her filing, establishing the existence of defendants' false claims. Because the statement includes attorney-client communication, and work product of Relator's attorneys, and is submitted to the Attorney General and to the United States, Relator understands this disclosure to be confidential.

## Jurisdiction and Venue

3. This action arises under the False Claims Act, 31 U.S.C. §§ 3729 *et seq.* This Court has jurisdiction over the case pursuant to 31 U.S.C. §§ 3732(a) and 3730(b). This Court also has jurisdiction pursuant to 28 U.S.C. § 1345 and 28 U.S.C. § 1331.

4. Venue is proper in this district pursuant to 31 U.S.C. § 3732(a), because the acts proscribed by 31 U.S.C. §§ 3729 *et seq.* and complained of herein took place in this district, and is also proper pursuant to 28 U.S.C. § 1391(b) and (c), because at all times, material and relevant, defendants transacted business in this district.

## Parties

5. Relator Gloria Lee is a citizen of the United States, and a resident of the State of Louisiana (hereinafter sometimes referred to as "Relator Lee"). From April 15, 2006 until approximately October 8, 2007, Relator Lee was an employee of Regional Nutrition Assistance, Inc. in Shreveport, Louisiana. Relator Lee brings this action based on her direct, independent, and personal knowledge, and also on information and belief.

6. Relator is, upon information and belief, an original source of this information to the United States. She has direct and independent knowledge of the information on which the allegations are based, and has voluntarily provided the information to the government before filing an action under the False Claims Act, which is based on this information.

7. Made defendant herein is Regional Nutrition Assistance, Inc. (hereinafter referred to as "Defendant RNA"). Defendant RNA may be served by serving its registered agent for process, Linda B. Desormeaux, at 103 Abigayle's Row, Scott,

Louisiana 70583, and by her at her place of residence at 103 Journey Lane, Lafayette, Louisiana 70506.

8. Also made Defendant herein is the following member of RNA in his individual and employment capacity as Executive Director of RNA (Sometimes herein collectively referred to with RNA as "Defendants RNA"):

A) Brian Desormeaux, an individual and resident of 103 Journey Lane, Lafayette, Louisiana 70506.

## Factual Summary

9. Relator Lee started working with Regional Nutrition Assistance, Inc., on or about April 5, 2006, located at 103 Abigayle's Row, Scott Louisiana 70583. RNA is a federally-funded private, non-profit 501 (c) (3), Louisiana agency that administers a US Department of Agriculture Child and Adult Care Food Program (CACFP) through contract with the Louisiana Department of Education ("DOE") to family, at-home child care providers ("providers") through its Family Day Care Home Program. Providers receive reimbursement for meals served in the provider's home for up to six children. The reimbursement rate falls into two categories referred to as Tier I and Tier II. A Tier I home in an area of eligibility is within a district where 50% or more of elementary age school children are eligible for school meals assistance. If not in an area of eligibility, the provider will be entitled to Tier I reimbursement if the provider resides in a household with incomes below 185% of the poverty level. All other providers receive Tier II reimbursement. RNA personnel were required to perform on-site monitoring of the providers in order to insure compliance, and were entitled to travel expenses for each

compliance visit. During the term of Relator's employment with RNA from April 15, 2006 until approximately October 8, 2007, she discovered that RNA submitted claims to DOE for providers that were known to be false. In addition, Relator Lee discovered that RNA reimbursed employees for false travel claims. Finally, RNA knowingly falsified tier boundaries to place providers into Tier I for full reimbursement.

## False Billings For Services Not Rendered

10. Relator incorporates the allegations of paragraphs 1 through 9 as if fully set forth herein.

11. Defendants RNA knowingly and falsely represented that meals were provided to children that were not in fact served.

12. Defendants RNA made these misrepresentations to obtain funds to which they would not otherwise have been entitled.

13. This course of conduct violated the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*

14. The U.S. Government, unaware of the falsity of these claims, and/or statements, and reliance on the accuracy thereof, was damaged to the extent that these funds were paid for meals/services not provided.

## False Billings For Travel Claims

15. Relator incorporates the allegations of paragraphs 1 through 14 as if fully set forth herein.

16. Defendants RNA knowingly and falsely represented that its employees performed compliance monitoring of providers, as a result of which travel expenses were submitted for reimbursement.

17. This course of conduct violated the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*

18. The U.S. Government, unaware of the falsity of these claims, and/or statements, and reliance on the accuracy thereof, was damaged to the extent that these funds were paid for travel/services not provided.

## Falsifying Boundaries to Obtain Higher Reimbursement Rates

19. Relator incorporates the allegations of paragraphs 1 through 18 as if fully set forth herein.

20. Defendants RNA knowingly and falsely represented that providers resided in Tier I homes in order to obtain higher reimbursement rates than those properly entitled under Tier II.

21. This course of conduct violated the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*

22. The U.S. Government, unaware of the falsity of these claims, and/or statements, and reliance on the accuracy thereof, was damaged to the extent that these funds were paid for services at a rate higher than authorized.

## Conspiracy To Commit False Claims

15. Relator alleges and incorporates the allegations of paragraphs 1 through 14 as if fully set forth herein.

16. Defendants RNA combined, conspired, and agreed together to defraud the United States by knowingly submitting false claims to the United States and to its grantees for the purpose of getting the false or fraudulent claims paid or allowed, and committed the other overt acts set forth above in furtherance of that conspiracy, all in violation of 31 U.S.C. § 3729(a)(3), causing damage to the United States.

**WHEREFORE**, Relator respectfully requests this Court to enter judgment against defendants, as follows:

a. That the U.S. be awarded damages in the amount of three times the damages sustained by the U.S. because of the false claims and fraud alleged within this complaint, as the Civil False Claims Act, § 31 U.S.C. §§ 3729 *et seq.* provides;

b. That civil penalties of $11,000.00 be imposed for each and every false claim that Defendants submitted to the U. S. Government;

c. That pre- and post-judgment interest be awarded, along with reasonable attorney fees, costs, and expenses, which the Relator necessarily incurred in bringing and pressing this case;

d. That the Court grant permanent injunctive relief to prevent any recurrence of the False Claims Act for which redress is sought in this complaint;

e. That the Relators be awarded the maximum amount allowed to them pursuant to the False Claims Act; and

g. That this Court award such other and further relief as it deems proper.

## Demand for Jury Trial

Relators, on behalf of themselves and the United States, demand a Jury Trial on all claims alleged herein.

Respectfully submitted,

_____
Patrick R. Jackson
Louisiana Bar No. 25722
Patrick R. Jackson
A Professional Law Corporation
4442 Viking Drive, Suite 100
Bossier City, Louisiana 71111
(318) 752-3335
(318) 752-3315 (facsimile)
ATTORNEYS FOR PLAINTIFF

**SERVICE INFORMATION:**

Regional Nutrition Assistance, Inc.
through its Registered Agent for service:
Linda B. Desormeaux
103 Journey Lane
Lafayette, Louisiana 70506

Brian Desormeaux
103 Abigayle's Row
Scott, Louisiana 70583

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAY 2 5 2010

TONY R. MOORE, CLERK
BY _____ DEPUTY
SHREVEPORT

# PATRICK R. JACKSON
A PROFESSIONAL LAW CORPORATION
Licensed in Louisiana and Texas

4442 Viking Drive, Suite 100
Bossier City, Louisiana 71111
E-mail: pjacks28@bellsouth.net

May 25, 2010

Telephone: (318) 752-3335
Facsimile: (318) 752-3315
Toll Free: (877) 757-3335

*Via Hand Delivery*
Mr. Tony R. Moore
Clerk of Court
United States District Court
300 Fannin Street, Suite 1167
Shreveport, Louisiana 71101

Re: **U.S. Ex Rel. Gloria Lee vs. Regional Nutrition Assistance, Inc. and Brian Desormeaux, United State District Court, Shreveport Division**

Dear Mr. Moore:

Please accept for filing an original and three copies of plaintiff's Civil False Claims Act Complaint and Demand for Jury Trial, Motion to File Complaint in Camera and Place Complaint Under Seal and proposed Order, and Request to Withhold Issue of Summons, together with a firm check in the amount of $350.00 for the fees associated with this filing.

Pursuant to 31 .U.S.C. §3730(b)(2), these papers are filed *in camera* and under seal. Accordingly, please withhold issuance of the summons, and ensure that no copies are placed in the press box and that the action is not noted on pacer or otherwise on the public docket.

If you have any questions concerning this information, please do not hesitate to call.

Very truly yours,

Patrick R. Jackson

PRJ/lmw
Enclosures